UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WURM,

Plaintiff,

v.

ANCHOR BAY PACKAGING CORPORATION,

Defendant.
_______________________________/

Case No. 2:26-cv-12473
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

**ORDER FOLLOWING PRETRIAL CONFERENCE and STRIKING CERTAIN FILINGS (ECF Nos. 7 & 9)**

**A. Background**

This appears to be the second of two employment discrimination cases Plaintiff has initiated in state court against Anchor Bay Packaging. *See Wurm v. Anchor Bay Packaging JB2*, Case No. 2026-000089-CD (Macomb County) (dismissed Apr. 23, 2026), *Wurm v. Anchor Bay Packaging, et al. JB2*, Case No. 2026-002905-CD (Macomb County) (filed June 30, 2026) (ECF Nos. 1-2, 1-3).

Defendant removed the latter case to this Court on July 20, 2026, and Judge Leitman has referred this case to me for pretrial matters. (ECF Nos. 1, 1-4, 3.)

**B. Operative Pleading**

The operative pleading is Plaintiff's July 27, 2026 amended complaint. (ECF No. 5.) Plaintiff alleges violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, namely the prohibition against "discharge[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee[.]" 29 U.S.C. § 215(a)(3). (*Id.*, PageID.31-32.)

**C. Pretrial Conference Rulings**

On August 17, 2026, the Court conducted an in-person pretrial conference on the record, at which Plaintiff and defense counsel (Attorney Brett J. Miller) appeared. (ECF No. 11.) During that discussion, the Court made several rulings.

**1.** Albeit associated with Plaintiff's Response (ECF No. 6) and for the reasons explained at the pretrial conference, Plaintiff's separately filed exhibits (ECF Nos. 7, 9) are **STRICKEN** from the record. Going forward, exhibits are to be filed as attachments to the filing they support.

**2.** The parties are to exchange Fed. R. Civ. P. 26(a)(1) initial disclosures no later than **September 11, 2026**.

**3.** Until further order of the Court, discovery is **STAYED** to explore settlement. Previously served discovery requests may be re-served if this matter does not settle and the Court goes on to issue a scheduling order (and/or lifts the stay of discovery).

**4.** Within one week (*i.e.*, no later than **Monday, August 24, 2026**), the parties **SHALL** discuss the option of consent to have a Magistrate Judge preside (*see* Form AO 85) and inform the Court of their decision, after which the Court will set a settlement conference – hopefully within two months – with a U.S. Magistrate Judge.

**5.** All parties are required to adhere to the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Michigan, and Judge Patti's Practice Guidelines, each of which is accessible via the Court's website. (*See* www.mied.uscourts.gov.)

**D. Potential Scheduling Conference and Prohibition on Filing Summary Judgment Motions Before a Schedule has been Set**

If the case does not settle, then the Court will notice a video scheduling conference. If and when a scheduling order is issued, the Court will establish a post-discovery window within which summary judgment motions may be filed, *i.e.*, earliest and latest dates within which such motions will be accepted by the Court. Summary judgment motions are not to be filed prior to the opening of the permitted period.

## E. Information Regarding Representing Yourself

Because Plaintiff is proceeding *in pro per*, his attention is drawn to the "Representing Yourself" tab on the Court's website, which includes information on the *U of D Mercy Law School Federal Pro Se Legal Assistance Clinic* which can be reached at (313) 234-2690 or at proseclinic@udmercy.edu.

**IT IS SO ORDERED.**[1]

Dated: August 17, 2026

ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).