UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WURM,

Plaintiff,

v.

ANCHOR BAY PACKAGING CORPORATION,

Defendant.

_______________________________________/

Case No. 2:26-cv-12473

District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

**ORDER STRIKING PLAINTIFF'S UNAUTHORIZED AND NONCOMPLYING MOTION FOR SUMMARY DISPOSITION (ECF No. 18) AND DENYING UNAUTHORIZED AND NONCOMPLYING MOTIONS SEEKING AMENDMENTS, SANCTIONS AND DISCOVERY (ECF Nos. 19, 20 & 22), STAYING THE CASE AND REQUIRING PLAINTIFF TO SHOW CAUSE**

## I. Summary Judgment Related Motions (ECF Nos. 18 & 22)

Plaintiff's second motion for "summary disposition" (ECF No. 18) is **STRICKEN** and his subsequent motion for leave to amend his summary judgment motion (and possibly his complaint, and possibly for discovery) (ECF No. 22) is **DENIED** for several reasons:

(1) They do not comply with E.D. Mich. LR 7.1(a), or, for that matter, E.D. Mich. LR 7.1(d)(2).

(2) The second motion for "summary disposition" (ECF No. 18) is based on the State of Michigan Court Rules, which are inapplicable in federal court,

except as to service of process. Hence, there is no such thing as a motion for "summary disposition" in federal court and it is based on inapplicable court rules.

(3) Neither motion complies with E.D. Mich. LR 5.1(a)(2) as to formatting and spacing, and both would, therefore, also likely exceed the limitations set forth in E.D. Mich. LR 7.1(d)(3). The need for Plaintiff to read the Local Rules was explained at length to him, in-person, at the recent pretrial conference, as were the dangers of relying upon generative Artificial Intelligence (AI). This motion and the others addressed in this order have all the earmarks of having been generated by AI.

(4) Neither motion is signed, as required by Fed. R. Civ. P. 11(a), and a merely typed name will not suffice.

(5) The latter of the two motions (ECF No. 22) attempts, *inter alia* (the Court being unable to discern if it has caught all the embedded requests), to amend Plaintiff's unauthorized summary judgment motion *and* amend his pleadings (at least conditionally and without attaching a proposed amended complaint, as required by E.D. Mich. LR 15.1 and as acknowledged by Plaintiff) (ECF No. 22, PageID.135-136) *and* requests a subpoena (*Id.*, PageID.154), thus likely also violating E.D. Mich. LR 7.1(i).

(6) *Most importantly*, the pretrial conference order prohibited filing summary judgment motions at this time, under a subheading of the order called, in pertinent part, "**Prohibition on Filing Summary Judgment Motions Before a Schedule has been Set**" (emphasis in original), and made very clear that, "Summary judgment motions are not to be filed prior to the opening of the permitted period." (ECF No. 71, PageID.70, ¶ D.) Yet two weeks later, Plaintiff did exactly what the Court had prohibited: He filed another motion for summary relief. It is hard to fathom what portion of this order Plaintiff could possibly have misunderstood, especially since this was also explained from the bench, and it was done so that the litigation could take a pause and explore early settlement, with the parties' mutual assent. For that reason, discovery was also stayed. (*Id*., PageID.70, ¶ 3.)

**II. Discovery Related Motions (ECF Nos. 19 & 20)**

Plaintiff has also filed motions to compel discovery and for sanctions against defense counsel (ECF Nos. 19 & 20), the latter of which claims a violation of Fed. R. Civ. P. 26(g), all despite the fact that discovery has been stayed, again ignoring the Court's pretrial conference order. (*See* ECF No. 15, PageID.70, ¶ 3). These motions suffer from all or nearly all of the defects described in the enumerated litany above and also appear to violate the Court's stay of discovery. Accordingly, they are **DENIED**.

## III. Order for Plaintiff to Show Cause

Plaintiff must, therefore**, SHOW CAUSE** in writing by **September 25, 2026** why he should not be sanctioned or held in contempt for ignoring the Court's order by filing motions that are both discovery-related and seeking summary disposition/judgment.

## IV. AI Warning

Plaintiff is warned about the dangers of using AI to draft his show cause response or elsewhere. AI cannot give legal advice, and its use in research has led to glaring misstatements of law and sanctions awarded against both attorneys and *pro se* litigants. "At this point, it 'is no secret that generative AI programs are known to 'hallucinate' nonexistent cases, and with the advent of AI, courts have seen a rash of cases in which both counsel and *pro se* litigants have cited such fake, hallucinated cases in their briefs.'" *Seither & Cherry Quad Cities, Inc. v. Oakland Automation, LLC*, No. 23-11310, 2025 WL 2105286, at *1 (E.D. Mich. July 28, 2025) (Behm, J.) (quoting *Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025)). AI chatbots "are designed to mimic patterns of words, probabilistically. When they are 'right,' it is because correct things are often written down in the dataset they were trained on, not because they can independently fact-check themselves in the same way a human would." *Id*. the

use of generative AI when drafting legal filings is a very risky practice, as *pro se* litigants and attorneys are still subject to the requirements of Fed. R. Civ. P. 11(b)(2) with respect to pleadings, motions, and other documents they sign and submit to the Court; even in the absence of bad faith, Rule 11 sanctions for use of AI generated phantom cases may be warranted. *See, e.g., Seither*, 2025 WL 2105286, at *2 (awarding sanctions); *Ali v. IT People Corp., Inc*., No. 2:25-CV-10815, 2025 WL 2682622, at *3, *6 (E.D. Mich. Sept. 19, 2025) (Patti, M.J.) (awarding sanctions against *pro se* litigant for hallucinated legal citations and misstatements).

### V. Order Staying the Case

Federal litigation is not a game, much less a game of whack-a-mole, in which the opponent and the Court are brought to their knees by overwhelming them with a frivolous and/or steady stream of motions. The Court's pretrial order encouraged Plaintiff to seek assistance from the *pro se* clinic if he qualifies. (*Id*., PageID.71.) <u>Plaintiff should do so in a hurry</u>.

Because it has now lost all confidence that Plaintiff will refrain from filing unauthorized motions, the Court **HEREBY STAYS THE CASE** in all respects, except for the upcoming settlement conference and Plaintiff's above-ordered obligation to show cause. No further filings will be accepted, and should the case resume, the Court will impose a pre-motion filing requirement.

It is **SO ORDERED**.

Dated: September 4, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE